## J. T. BOLINGER *v.* ALTER, WINSTON & CO.

**Damages—Pleading.**
> Where one seeks to recover special damages he must plead facts showing he is entitled thereto.

**Measure of Damages.**
> In a suit to recover damages on account of failure to deliver goods bought, where sold at one point to be delivered at another, the difference between the value of the goods at the point of delivery and their value at the point of sale, less the expenses, costs of transportation, and insurance, constitute the measure of damages.

APPEAL FROM GRAVES CIRCUIT COURT.

January 27, 1877.

OPINION BY JUDGE PRYOR:

The original answer is clearly defective. It fails to state the special damage sustained, and if regarded as properly pleaded it is of too remote and speculative a character as to be defined by any legal rule. This also applies to last amended pleading. As to the second amendment there is some difficulty in determining the question raised by the demurrer. If goods are sold at Cincinnati to be delivered at Mayfield, the difference between the value of the goods at Mayfield and their value at Cincinnati, less the expenses, costs of transportation and insurance, would doubtless be the criterion in the event of a failure to comply on the part of the vendor, but special damages other than such as would be embraced within this rule could not be recovered.

It is alleged in the second amended answer that the appellee failed to deliver the goods, and that they were worth fifty dollars more at Mayfield than at Cincinnati. This may be true, and still, adding to this the expense of transportation, insurance, etc., there would be no actual loss sustained. The goods are shipped at the costs of the owner or vendee, and after deducting expenses the difference in value would be the criterion.

The appellant at best upon his own statements was only entitled to recover nominal damages, conceding his right, because the party was a non-resident, to make such a defense. The claim being for unliquidated damages and having no connection with the claim sued on, the substantial rights of the appellant has not been prejudiced by the judgment. The same is *affirmed.*

*R. K. Williams, for appellant. Boone & Stanfield, for appellee.*